IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GREGORY S. MILLIGAN, *Chapter 7 Trustee for Westech Capital Corporation and on behalf of Tejas Securities Group, Inc.*, | § § § § | |
| Plaintiff/Appellant, | § § | |
| v. | § § | 1:18-CV-327-RP |
| GREG SALAMONE; GREENBERG TRAURIG, LLP; and ROBERT W. HALDER; | § § § § | |
| Defendant/Appellee. | § § | |

## ORDER

Before the Court is Appellee Greenberg Traurig's ("Greenberg") Motion for Rehearing Pursuant to Federal Rule of Bankruptcy Procedure 8022. (Dkt. 20). Greenberg seeks rehearing of this Court's order affirming in part and vacating in part the Bankruptcy Court's order dismissing a set of claims against Greenberg pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 18). In this Court's order, it found that the Appellant Gregory Milligan ("Milligan") had stated a claim against Greenberg for knowingly participating in another's breach of fiduciary duty under Texas law. (*Id.* at 14–17).

In its motion for rehearing, Greenberg argues for the first time that Milligan's knowing-participation claim is no more than an aiding-and-abetting claim, and the Fifth Circuit has held that a federal court sitting in diversity may not recognize an aiding-and-abetting claim under Texas law. (Mot., Dkt. 20, at 5-6 (citing *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 782 (5th Cir. 2018)). New arguments are not properly presented in a motion for rehearing under Rule 8022. *Sharif*, 09-BK-05868, 2017 WL 4310538, at *6 (N.D. Ill. Sept. 28, 2017); *In re Soundview Elite Ltd.*, 14-CV-7666 JPO, 2015 WL 1642986, at *1 (S.D.N.Y. Apr. 13, 2015), *aff'd*, 646 F. App'x 1 (2d Cir. 2016). Nonetheless, the rule does permit a Court to "restore the case to the

1

calendar for reargument or resubmission." Fed. R. Bankr. P. 8022(a)(4)(B). In light of *DePuy*, the Court found that reargument was appropriate and ordered the parties to file responsive briefing to Greenberg's motion. (Order, Dkt. 21). The parties then timely filed responsive briefs. (Dkts. 22, 23). Having considered those briefs, along with Greenberg's motion, the Court finds that the motion should be denied.

It is true that in *DePuy*, the Fifth Circuit found that the district court in that case "exceeded its circumscribed institutional role" by recognizing a cause of action for aiding-and-abetting under Texas law. 888 F.3d at 781. In that decision, the court held that the defendant was entitled to judgment as a matter of law because "no such claim" as aiding-and-abetting "exists in Texas." *Id.* at 782.

But in reaching that conclusion, the court expressly distinguished an aiding-and-abetting claim under Texas law from a claim seeking to hold a joint tortfeasor liable for knowingly participating in another's breach of fiduciary duty. *Id.* (quoting *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 514 (Tex. 1942)) (describing *Kinzbach Tool* as "applying 'settled . . . law of [Texas] that where a third party knowingly participates in the breach of duty *of a fiduciary*, such third party becomes a joint tortfeasor'") (emphasis and alteration in *DePuy*). It is this latter claim—knowing participation in another's breach of fiduciary duty—that Milligan asserts against Greenberg, not a generalized aiding-and-abetting claim. (3d Am. Compl., Dkt. 12-3, at 55). And it is this latter claim that the Court found Milligan to have plausibly stated against Greenberg, not a generalized aiding-and-abetting claim. (Order, Dkt. 18, at 14–17). The Court did not cite *Kinzbach Tool* to extend that case's "settled . . . law" to support the existence of an unsettled aiding-and-abetting cause of action; rather, it cited *Kinzbach Tool* in recognition of the knowing-participation cause of action whose existence is in fact settled law. (*Id.* at 15). Indeed, Texas appellate courts have routinely recognized the existence of a cause of action for knowing participation in the breach of fiduciary

2

duty. *See Westergren v. Jennings*, 441 S.W.3d 670, 680 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Kinzbach Tool*, 160 S.W.2d at 514); *Wooters v. Unitech Int'l, Inc.*, 513 S.W.3d 754, 763 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) ("Texas has recognized a cause of action for conspiracy to breach a fiduciary duty in transactions in which a third party knowingly participates in an employee's breach of fiduciary duty during his employment and the third party improperly benefits from it.") (citing *Kinzbach Tool*, 160 S.W.2d at 514); *Darocy v. Abildtrup*, 345 S.W.3d 129, 138 (Tex. App.—Dallas 2011, no pet.) ("When a defendant knowingly participates in the breach of a fiduciary duty, he becomes a joint tortfeasor and is liable as such.") (citing *Kinzbach Tool*, 160 S.W.2d at 514).

Indeed, the Fifth Circuit has repeatedly recognized the existence of a cause of action for knowing participation in the breach of a fiduciary duty. *D'Onofrio v. Vacation Publications, Inc.*, 888 F.3d 197, 216 (5th Cir. 2018) (reciting the elements of such a claim) (citing *Kinzbach Tool*, 160 S.W.2d at 514); *Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 581 (5th Cir. 2015) ("[W]here a third party knowingly participates in the breach of duty of a fiduciary, such third party becomes a joint tortfeasor with the fiduciary and is liable as such.") (citing *Kinzbach Tool*, 160 S.W.2d at 514); *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 639 (5th Cir. 2007) (reciting the elements of such a claim) (citing *Kinzbach Tool*, 160 S.W.2d at 514). It is these cases, not *Depuy*, that control here. *DePuy*'s discussion of aiding-and-abetting claims does not mention these cases, much less purport to overrule them. *In re DePuy*, 888 F.3d at 781–82.[1] It is clear from *DePuy*'s express distinction between an aiding-and-abetting claim and the knowing-participation claim recognized in *Kinzbach Tool* that, contrary to Greenberg's position, the two claims are not interchangeable, and *DePuy*'s

---

[1] Even if the panel in *DePuy* had purported to overrule the set of Fifth Circuit decisions acknowledging the existence of a knowing-participation claim under Texas law, the rule of orderliness would preclude it from doing so. *See Gahagan v. United States Citizenship & Immigration Servs.*, 911 F.3d 298, 302 (5th Cir. 2018) ("[T]hree-judge panels . . . abide by a prior Fifth Circuit decision until the decision is overruled, expressly or implicitly, by either the United States Supreme Court or by the Fifth Circuit sitting en banc.") (quotation omitted).

pronouncement that one does not exist says nothing about the existence of the other. And because Greenberg's motion for rehearing rests on the application of *DePuy* to Milligan's knowing-participation claim, that motion must be denied.

Accordingly, **IT IS ORDERED** that Greenberg's motion for rehearing, (Dkt. 20), is **DENIED**.

**SIGNED** on August 23, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE